_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1582-JLS (JPRx)                                    Date: February 10, 2014
Title:  United States of America v. Kenneth Elliott, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                                            N/A
    Deputy Clerk                                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

   Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF STIPULATED ORDER (Doc. 12)**

     Before the Court is Plaintiff United States of America's Motion for Entry of Stipulated Order.  (Mot., Doc. 12, "Motion.")  Defendant Kenneth Elliott opposed the Motion, and Plaintiff replied.  (Opp'n, Doc. 19; Reply, Doc. 21.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for February 14, 2014 at 2:30 p.m. is VACATED.  For the reasons stated below, the Motion is DENIED WITHOUT PREJUDICE.

**I.     Background**

     Plaintiff's Complaint seeks a permanent injunction against Defendants Kenneth Elliott, Ramesh Sarva and Sea Nine Associates, Inc. for alleged violations of the Internal Revenue Code, pursuant to 26 U.S.C. §§ 7402(a), 7408.  (Compl., Doc. 1.)  Elliott and Sarva proceed pro se, and Sea Nine has not answered the Complaint.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1582-JLS (JPRx)                                    Date: February 10, 2014
Title: United States of America v. Kenneth Elliott, et al.

     Plaintiff alleges that Defendants knowingly participated in Voluntary Employee Beneficiary Association ("VEBA") plans that allowed their customers to claim improper and inflated tax deductions.  (*Id*.)  Pursuant to an "adoption agreement," a participating company—often a small, closely held corporation—makes contributions to a plan for life insurance and receives deductions for the contributions.  (*Id*. ¶¶ 1, 38, 41.)  The deductions often exceeded the actual cost of the death benefit derived from the policy, and the excess sums were used to fund cash value whole life policies that could be cashed out as a source of tax-free income.  (*Id*. ¶¶ 41-44.)  A trustee is appointed to preserve the assets of the plan, but the trustee "acts only at the direction of the Master Committee," a different entity that is not described in detail in the Complaint.  (*Id*. ¶¶ 37-39.)

     Elliott is alleged to have informed potential customers of the scheme through various entities, including Sea Nine, as well as through a network of affiliated third parties, including certified public accountants.  (*Id*. ¶ 2.)  Sarva is a certified public accountant who is alleged to "ha[ve] been steering his customers towards VEBA plans for over 20 years – and in particular, towards Sea Nine-administered plans."  (*Id*. ¶¶ 3, 46-47, 91.)

     Plaintiff requests the Court enter a Stipulated Order that (1) resolves and enters final judgment on the claims against Sarva; (2) requires that Sarva waive entry of findings of fact and conclusions of law, or any right to appeal the judgment; and (3) enters a permanent injunction against Sarva.  (Stipulated Order, Doc. 13-1.)  The Stipulated Order requires Sarva to produce a customer list and related records, and to provide his customers with a copy of the permanent injunction.  (*Id*. ¶ D.)  The Stipulated Order enjoins "Sarva, and any other person in active concert or participation with him, from directly or indirectly" undertaking specified activities with respect to Sea Nine VEBA plans.  (*Id*. ¶¶ A.i-ii, B.i-ii.)  The Stipulated Order also broadly enjoins Sarva from

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1582-JLS (JPRx) | Date: February 10, 2014 |
| Title:  United States of America v. Kenneth Elliott, et al. | |

violating or assisting others in violating federal tax laws.  (*Id*. ¶¶ A.iii-vi, B.iii-v ("Catch-all Paragraphs").)

**II.     Legal Standard**

  **A.     Entry of Judgment**

Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Determining whether to enter final judgment under Rule 54(b) is a two-step process left to the "sound judicial discretion" of the district court.  *See Curtiss-Wright Corp v. General Elec. Co*., 446 U.S. 1, 8 (1980).  "A district court must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Wood v. GCC Bend, LCL*, 422 F.3d 873, 878 (9th Cir. 2005) (citations and quotation marks omitted).  "Then it must determine whether there is any just reason for delay."  *Id*. (citation and quotation marks omitted).  "[I]n deciding whether there are no just reasons to delay . . . a district court must take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright*, 446 U.S. at 8.  "Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals."  *Id*. (citations and quotation marks omitted).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1582-JLS (JPRx)                                    Date: February 10, 2014
Title:  United States of America v. Kenneth Elliott, et al.

### B. Permanent Injunction

Under Federal Rule of Civil Procedure 65(d), every order granting an injunction must (1) state the reasons for entering an injunction; (2) state the terms of the injunction specifically; and (3) "describe in reasonable detail—and not by referring to the complaint or other document[s]—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(A–C). "Generally speaking, an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1047 (9th Cir. 2013) (citations and quotation marks omitted). "The benchmark for clarity and fair notice is not lawyers and judges, who are schooled in the nuances of [the] law, but instead the lay person, who is the target of the injunction." *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1150 (9th Cir. 2011) (citation and quotation marks omitted).

## III. Discussion

As this action involves multiple defendants, and Plaintiff requests entry of the Stipulated Order that purports to constitute a "final judgment" as to one defendant, the Court determines whether entry of the Stipulated Order—and with it, final judgment—is appropriate under Rule 54(b). Moreover, as the Stipulated Order seeks a permanent injunction against Sarva, the Court determines whether the proposed injunction meets the requirements of Rule 65(d).

### A. Rule 54(b)

Under Rule 54(b), the Court first determines whether the Stipulated Order constitutes a final judgment. The Stipulated Order states that it resolves Plaintiff's claims

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1582-JLS (JPRx)                                        Date: February 10, 2014
Title:  United States of America v. Kenneth Elliott, et al.

against Sarva in this matter, that "Sarva understands that this Stipulated Order of Permanent Injunction constitutes the final judgment in this matter," and that Sarva "waives any rights he may have to appeal from this judgment." (Stipulated Order ¶¶ 4, 6.) Accordingly, the Stipulated Order would result in the "ultimate disposition" of the claims against Sarva for purposes of Rule 54(b). *See Wood*, 422 F.3d at 878; *accord United States v. Allen*, 2013 WL 5462281 at *1, Civil No. 4:13-cv-197-RBH (D.S.C. Feb. 8, 2013) (entering permanent injunction under 26 U.S.C. §§ 7402(a) and 7408, pursuant to Rules 54(b) and 65, that "will result in the entry, without further notice, of a Final Judgment against [defendant] in this matter").

      The Court next determines whether there is "any just reason for delay," based on consideration of judicial administration and the equities involved. *Wood*, 422 F.3d at 878. As Sarva waives any right to appeal the judgment on the claims against him, there is no danger of piecemeal appeals. (Stipulated Order ¶ 4.) Entering judgment as to Sarva would also narrow the issues in the case. Accordingly, considerations of judicial administration weigh in favor of entering judgment. Consideration of the equities further weighs in favor of entering judgment. Entry of the Stipulated Order would relieve Sarva of the burden of defending himself further in this action, nor is there any evidence that it would unduly prejudice Elliott or Sea Nine. Elliott argues that certain plan participants and their families are "counting on the promised VEBA-provided death benefits," and those benefits could be compromised if the plan trustee acts on any instructions Sarva makes or attempts to make to the trustee pursuant to the terms of the Stipulated Order. (Opp'n ¶ 2.) However, Elliott also states that the trustee "accepts direction from Sea Nine Associates, Inc., not Ramesh Sarva," meaning that the theoretical harm raised by Elliott does not appear possible, or at least is unlikely. (*Id*.) Elliott's remaining arguments, including that a "judicial determination" is required before the parties can

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1582-JLS (JPRx) | Date: February 10, 2014 |
| Title:  United States of America v. Kenneth Elliott, et al. | |

stipulate to entry of judgment, and that the permanent injunction is not necessary, are either incorrect or not persuasive.

Accordingly, the Court finds entry of the Stipulated Order appropriate under Rule 54(b).

### B.     Rule 65(d)

The permanent injunction in the Stipulated Order must also meet the requirements of Rule 65(d).  Plaintiff provides no argument as to how the proposed injunction against Sarva—who is not represented by counsel—meets these requirements.  Under Rule 65(d), the terms of an injunction must be sufficiently specific to provide Sarva with "fair and precisely drawn notice of what the injunction actually prohibits," whether or not Sarva has stipulated to the injunction.  *Union Pacific R.R. Co. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. 2000); *S.E.C. v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (explaining why district court improperly approved stipulated injunction).  The Ninth Circuit has held that a "general prohibition against using 'illegal, unlicensed and false practices'" was "too vague to be enforceable."  *Del Webb*, 652 F.3d at 1150.  In *Del Webb*, The Ninth Circuit found it irrelevant that the injunction provided examples of prohibited past conduct, because "[t]he examples of prohibited past conduct do not sufficiently define what additional future conduct will be covered."  *Id*.[1]  Here, the Catch-

---

[1] The permanent injunction in *Del Webb* identified the following "past conduct": "(1) falsely representing that the defendants are properly licensed under Nevada law to perform structural inspections; (2) properly licensed under Nevada law to . . . perform, provide or communicate

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1582-JLS (JPRx)                              Date: February 10, 2014
Title:  United States of America v. Kenneth Elliott, et al.

all Paragraphs cited in the Background section (Stipulated Order ¶¶ A.iii-v, B.iii-vi) include broad prohibitions against violating the Internal Revenue Code, such as "[e]ngaging in any other conduct that substantially interferes with the administration or enforcement of the internal revenue laws."  These provisions do not come close to meeting the specificity requirements of Rule 65(d), and accordingly they are not enforceable.  *See Del Webb*, 652 F.3d at 1150; *see also Smyth*, 420 F.3d at 1233 n.14.

**IV.  Conclusion**

    For the reasons stated above, the Motion is DENIED WITHOUT PREJUDICE.  Plaintiff may move for entry of an amended Stipulated Order that either omits the Catch-all Paragraphs or that modifies them to conform with Rule 65(d).

                                                                    Initials of Preparer:  tg

inspection reports; and/or (3) are acting as representatives or agents or under the authority of Del Webb."  *Id*. (quotation marks omitted).